| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9152 | **DATE** | 5/12/2003 |
| **CASE TITLE** | USA ex rel Ronald Barrow vs. Jonathan Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Barrow's Renewed Motion for Discovery [39-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 13 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>RONALD BARROW (#N-52087),<br><br>Petitioner,<br><br>v.<br><br>JONATHAN R. WALLS, Warden,<br>Menard Correctional Center,<br><br>Respondent. | The Honorable Amy St. Eve<br><br>Case No. 01 C 9152 |

### MEMORANDUM OPINION AND ORDER

MAY 1 3 2003

AMY J. ST. EVE, District Judge,

Before this court is petitioner Ronald Barrow's renewed motion for discovery to support his petition for writ of habeas corpus. For the following reasons, Barrow's motion is denied.

### I. BACKGROUND

After a jury trial in the LaSalle County Circuit Court, Barrow was convicted of first degree murder, armed robbery, residential burglary, and burglary and was sentenced to death. The Illinois Supreme Court affirmed his convictions and death sentence on direct appeal and on appeal following the denial of his state post-conviction petition. *See People v. Barrow*, 133 Ill.2d 226 (1989) (*Barrow I*); *People v. Barrow*, 195 Ill.2d 506 (2001) (*Barrow II*). On June 3, 2002, Barrow filed his federal habeas corpus petition with this court. Barrow filed his first motion for discovery on July 23, 2002, which this court denied on December 16, 2002. Petitioner filed this second or renewed motion for discovery on April 17, 2003.

## II. STANDARD FOR DISCOVERY IN HABEAS CASES

Because the liberal discovery rules of the Federal Rules of Civil Procedure do not apply to habeas proceedings, a petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Rule 6 of the Rules Governing Section § 2254 Cases in the United States District Courts provides, in pertinent part: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Therefore, to obtain discovery under Rule 6, Barrow must: (1) identify the essential elements of his constitutional claims, that is, show that the underlying facts, if proven, constitute a constitutional violation; and (2) show good cause for the discovery. *See Bracy*, 520 U.S. at 908-09. Good cause exists "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (citing *Harris*, 394 U.S. at 299).

## III. DISCUSSION

In his renewed motion for discovery, Barrow attempts to fill in the gaps of his original discovery request while narrowing the documents he is requesting. Each of Barrow's discovery requests is discussed in detail below.

### A. Criminal Record of Prosecution Witness Harold Wrona

First, Barrow argues that the criminal record of the prosecution's key witness, Harold Wrona, would support his ineffective assistance of counsel claims. Barrow, however, does not explain how Wrona's criminal record would support the conclusion that his counsel was

2

deficient and counsel's deficient performance prejudiced him as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, Barrow has failed to identify the essential elements of his ineffective assistance of counsel claims. *See Bracy*, 520 U.S. at 908-09. Further, Barrow makes no attempt to argue that if certain facts were fully developed, he would be entitled to habeas relief based on his Sixth Amendment right to effective assistance of counsel. As such, Barrow has failed to established good cause for the discovery of Wrona's criminal record based on his ineffective assistance of counsel claims. *See id.*

Next, Barrow contends that Wrona's criminal record would support two other constitutional claims in his habeas petition – prosecutorial misconduct and an alleged *Brady* violation. Barrow supports his *Brady* claim with the argument that Wrona was a career criminal and the jury was entitled to hear of his criminal past. Barrow, however, does not explain why this information is material as required under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Furthermore, Barrow does not argue that had Wrona's criminal record been disclosed, there would be a reasonable probability that the result of his entire proceeding would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289-90 (1999).

Barrow fails to make any argument as to why Wrona's criminal history would support his claim of prosecutorial misconduct and it is not this court's duty to raise and construct Barrow's argument for him. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996) (not court's role to conduct research and construct litigant's legal arguments, especially when parties are represented by counsel); *see also United States v. Amerson*, 185 F.3d 676, 689 (7th Cir. 1999) (same).

## B.     Evidence of Multi-jurisdictional Deal

Barrow seeks the deposition testimony of Wrona and a State Trooper to support his assertion that Wrona had a deal to be released from jail in another Illinois county in exchange for his testimony at Barrow's trial in LaSalle County. The Illinois Supreme Court remanded this case for discovery on the issue of Wrona's alleged multi-jurisdictional deal based on *People v. Olinger*, 176 Ill.2d 326, 342-52 (1997) (capital defendant entitled to evidentiary hearing on post-conviction claim that critical prosecution witness received undisclosed multi-jurisdictional deal in exchange for testimony). *See Barrow II*, 195 Ill.2d at 531. On remand, the trial court allowed Barrow to take the depositions of three people – the LaSalle County prosecutors who tried Barrow and the Bureau County prosecutor who dismissed felony charges against Wrona. *See id.* All three deponents denied that any deal existed. *See id.*

Under these circumstances, additional depositions at this juncture would be futile. Barrow has failed to establish that a multi-jurisdictional deal existed in the first instance and his factual allegations of a deal are speculative at best. Factual allegations that are speculative or conclusory do not support a Rule 6 discovery motion because such a request cannot be used as a "fishing expedition." *See Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000); *Blankenship v. Circuit Court of Cook Cty*, 59 F.Supp.2d 736, 739 (N.D. Ill. 1999).

In addition, although Barrow alludes to the fact that his trial counsel failed to investigate the dismissal of the Bureau County felonies charged against Wrona, he does not make an argument under *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, Barrow failed to establish which constitutional claim this additional evidence would support. *See Bracy*, 520 U.S. at 908-09.

4

### C. Shoe Print and DNA Testing of Blood Spot

Barrow's next request involves a shoe print taken from the crime scene. Barrow argues that although the trial court ordered that the shoe print be examined by a defense expert, defense counsel never followed through. Barrow then argues that the shoe print's "importance on the ultimate issue of actual innocence is obvious. Should the shoe print not be a match, then the effect of the failure of defense counsel to have a previous examination would also be obvious."

Although Barrow added an actual innocence claim to his habeas petition on January 10, 2003, a stand-alone actual innocence claim is not cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Therefore, it appears that Barrow is linking this piece of evidence to his ineffective assistance of trial counsel claim.

In reviewing Barrow's claim of ineffective assistance of counsel, the Illinois Supreme Court analyzed defense counsel's failure to have the shoe print examined along with other alleged instances of ineffective assistance of trial counsel and concluded that the issues were waived, *see Barrow II*, 195 Ill.2d. at 524, which would preclude this court from reviewing this claim. *See Stewart v. Smith*, 122 S.Ct. 2578, 2581 (2002)(federal courts cannot review habeas claim if state court's decision rests on a state procedural ground that is independent of a federal question and adequate to support the judgment); *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002)(waiver is an independent and adequate state court ground.) Because Barrow's ineffective assistance of counsel claim based on counsel's failure to have the shoe print examined has been

5

waived, any additional discovery on this issue would be pointless.

Barrow also requests that DNA blood testing be done on the blood found on the shoe seized from his home. Barrow claims the spot was determined to be type A blood, the type of both the petitioner and the victim. In the Illinois Supreme Court's recitation of the facts, however, the court stated that the blood on the heel of the shoe was human blood type O, that of Barrow, the victim, and 45 percent of the white, male population in the United States. *See Barrow I*, 133 Ill.2d at 244. Nevertheless, Barrow's argument is that if the testing shows that the blood is not the victim's blood, then this evidence is irrelevant and should have been excluded.

Barrow does not indicate which constitutional claim this evidence would support. Further, questions of state evidentiary rulings are usually not the subject of review in habeas corpus proceedings. *See Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). This court concludes that Barrow has failed to outline the essential elements of a constitutional claim that this evidence would support. *See Bracy*, 520 U.S. at 908-09. In addition, this alleged evidence is too speculative to support a showing of good cause. *See id.*

### D. Deposition of Susan Leffelman or Notes from Police Interviews

Barrow requests that he be allowed to take the deposition of Susan Leffelman or receive the notes of the police interviews of Leffelman. According to Barrow, Leffelman would be able to refute trial testimony that Barrow's brother was seen at a restaurant in Cedar Point, Illinois, the locale of the crime. Although Barrow claims that defense counsel did not call Leffelman as a witness, he fails to explain what constitutional claim this evidence would support. Furthermore, Barrow did not make a claim supported by Leffelman's potential testimony to the Illinois courts; therefore, any such claim is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838,

844 (1999) (petitioner must give state courts opportunity to act on constitutional claims before presenting claims in federal habeas petition). As such, the court denies this discovery request.

### E. Police Files Regarding Burglary of Victim's Home

Finally, Barrow requests the police files of the 1966 burglary of the victim's home. Barrow, once again, asserts his actual innocence which standing alone is not a cognizable claim in a habeas petition. *See Herrera*, 506 U.S. at 400. Barrow also argues that Wrona's knowledge of the home was because Wrona committed the burglary, Barrow. Barrow asserts that the police files of the burglary would somehow implicate Wrona as the perpetrator of the burglary, and thus, undermine his credibility as a witness. Again, without more, Barrow has failed to establish the elements of a constitutional claim which this evidence would support, let alone good cause for the discovery. *See Bracy*, 520 U.S. at 908.

## IV. CONCLUSION

Based on the foregoing, the court denies Barrow's Renewed Motion for Discovery [39-1].

**DATED:** May 12, 2003

**ENTERED**

AMY J. ST. EVE
United States District Court Judge