# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9152 | **DATE** | 9/26/2003 |
| **CASE TITLE** | | Barrow vs. Walls | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Barrow's application for a certificate of appealability (R-55) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials TH✓

number of notices

SEP 2 9 2003
date docketed

docketing deputy initials

date mailed notice

U.S. DISTRICT COURT
CLERK

03 SEP 26 PM 1:56

Date/time received in central Clerk's Office

mailing deputy initials

**Document Number**

57

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

United States of America ex rel.     )
RONALD BARROW (#N-52087),     )
                                )
           Petitioner,     )      The Honorable Amy J. St. Eve
                                )
         v.                )      Case No. 01 C 9152
                                )
EUGENE McADORY, Warden,     )
Menard Correctional Center,     )
                                )
           Respondent.     )

AMY J. ST. EVE, District Judge:

## MEMORANDUM OPINION AND ORDER

Before the Court is habeas petitioner Ronald Barrow's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2), in which he seeks to appeal this Court's denial of his habeas petition. For the following reasons, Barrow's application is denied in its entirety.

## I.    BACKGROUND

After a jury trial in the LaSalle County Circuit Court, Barrow was convicted of first degree murder, armed robbery, residential burglary, and burglary and was sentenced to death. The Illinois Supreme Court affirmed his convictions and death sentence on direct appeal and on appeal following the denial of his state post-conviction petition. On January 11, 2003, former Illinois Governor George Ryan commuted Barrow's death sentence to natural life in prison without the possibility of parole. For purposes of this order, the Court will presume familiarity with its prior decisions addressing Barrow's habeas petition.

## II.    STANDARD

Under 28 U.S.C. § 2253, a petitioner does not have an absolute right to appeal a district court's denial of his habeas petition. Instead, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." *Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). Accordingly, a habeas petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El*, 123 S.Ct. at 1039. Under this standard, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of his habeas claims debatable or wrong. *See id.* at 1040; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The COA inquiry requires this Court to review Barrow's habeas claims and make a general assessment of the claims' merits. Barrow, however, need not establish that his appeal will ultimately succeed. *See Miller-El*, 123 S.Ct. at 1039.

## III.    ANALYSIS

Barrow challenges the Court's denial of five of his habeas claims, including ineffective assistance of trial counsel, his right to present a defense, removal of co-counsel, prosecutorial misconduct, and his actual innocence claim. He also argues that the Court erred in denying his request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). As to all of these claims, Barrow contends that this Court's decision was unreasonable and subject to debate. The Court addresses each argument in turn.

### A.    Right to Present a Defense

Barrow's first argument in support of his application for a COA is that this Court's denial

2

of his right to present a defense claim was unreasonable and is subject to debate. Integral to this Court's decision was the fact that the trial court and his attorney never forbade or denied Barrow from testifying on his own behalf. Further, the trial court did not deny Barrow from presenting evidence. In other words, the trial court did not exclude defense evidence. The constitutional inquiry into whether a defendant was denied the right to present a defense involves the trial court's exclusion of evidence, not the defendant's decision not to present evidence. *See United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982) (violation of right to present defense occurs when defendant denied opportunity to present material, relevant, and favorable testimony); *see also United States v. Scheffer,* 523 U.S. 303, 308 (1998) (exclusion of evidence must be unconstitutionally arbitrary).

Because Barrow's claim does not fit within the purview of his Sixth Amendment right to present a defense, including his right to testify on his own behalf, Barrow has failed to demonstrate a substantial denial of a constitutional right. *See Miller-El v. Cockrell,* 123 S.Ct. at 1039. Therefore, the Court denies Barrow's request for a COA as to that claim.

**B.      Ineffective Assistance of Trial Counsel Based on Failure to Present a Defense**

Next, Barrow seeks a COA as to his claim that his trial counsel was constitutionally ineffective for failing to present a defense. Barrow argues that this Court's holding that the Illinois Supreme Court's decision was an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), is debatable among jurists.

On direct appeal to the Illinois Supreme Court, Barrow claimed that he intended to testify that he did not commit the murder, but that he was simply bragging when he recounted details of the murder to the State's key witness. Barrow also planned on calling two witnesses whom he

3

alleged would have discredited the testimony of a prosecution witness who placed Barrow's brother near the scene of the crime. Last, he argued that he intended to call a witness to refute the shoeprint evidence found at the victim's home linking Barrow to the murder. After reviewing Barrow's proposed evidence, the Illinois Supreme Court concluded that counsel's performance was not deficient and that Barrow was not prejudiced by counsel's acts or omissions based on the overwhelming evidence of Barrow's guilt. *See People v. Barrow*, 133 Ill.2d 226, 247-49 (1990) (*Barrow I*). Specifically, the Illinois Supreme Court concluded "we do not consider that there is a reasonable probability that had the defendant presented the evidence or testimony he now suggests the outcome of the proceeding would have been different." *Id.* at 248-49.

In reaching the conclusion that the Illinois Supreme Court's decision was an objectively reasonable application of *Strickland*, the Court noted that Barrow had never challenged the Illinois court's conclusion that he was not prejudiced. Again, he does not address the Illinois Supreme Court's conclusion that he was not prejudiced by counsel's alleged errors in his COA.

As *Strickland* and its progeny make abundantly clear, to establish constitutionally ineffective assistance of counsel, Barrow must show that counsel's performance was deficient *and* that he was prejudiced by counsel's performance. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable"); *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's errors, the result of proceeding would have been different); *see also Berkey*

4

*v. United States,* 318 F.3d 768, 772 (7th Cir. 2003) (if defendant makes an insufficient showing of one *Strickland* prong, the court need not consider the remaining prong).

Simply put, Barrow's lack of argument as to how he was prejudiced by counsel's alleged errors defeated this habeas claim. Because Barrow failed to argue, let alone establish, both the performance and prejudice prongs as required under *Strickland,* the Court concludes that reasonable jurists would not find this Court's denial of Barrow's claim debatable or wrong. *See Miller-El,* 123 S.Ct. at 1040.

## C. Ineffective Assistance of Trial Counsel at All Stages of the Proceedings

Barrow also argues that this Court's review of his habeas claim that he was denied effective assistance of trial counsel at all stages of the proceedings was unreasonable and is subject to debate. Fatal to all of Barrow's bases supporting his ineffective assistance of trial counsel claim, including the ones highlighted in his application for a COA, is that Barrow did not establish the *Strickland* prejudice prong. As explained above, Barrow is required to establish that counsel's performance was deficient and that he was also prejudiced by counsel's alleged errors. *See Strickland,* 466 U.S. at 687. The Illinois Supreme Court found that Barrow was not prejudiced under *Strickland* based on the overwhelming amount of evidence of Barrow's guilt. *See, e.g., People v. Barrow,* 195 Ill.2d 506, 523-24, 532-33 (2001) (*Barrow II*).

Here, Barrow takes umbrage with this Court's "mischaracterization" of the shoeprint evidence as being part of the overwhelming evidence of his guilt. Regardless of whether the Court mischaracterized this evidence, other trial evidence included, most notably, recorded statements in which Barrow confessed to the murder. Barrow's shoeprint argument does not refute the Illinois Supreme Court's conclusion that he was not prejudiced under *Strickland.*

5

Because Barrow has failed to demonstrate that reasonable jurists would find the Court's assessment of his ineffective assistance of counsel claim debatable or wrong, *see Slack,* 529 U.S. at 484, the Court denies Barrow's request for a COA as to his ineffective assistance of trial counsel claim.

### D. Conflict of Interest

In his habeas petition, Barrow claimed that he was denied his Sixth Amendment right to counsel because the trial court did not grant his request to substitute former co-defense counsel even though Barrow waived counsel's conflict of interest. The Illinois Supreme Court concluded that the trial court was not required to accept Barrow's waiver of his right to conflict-free counsel because there was a potential conflict of interest that may have precluded counsel from properly cross-examining certain trial witnesses. The Illinois court based its determination on *Wheat v. United States,* 486 U.S. 153, 163 (1988). Subsequently, this Court concluded that the Illinois Supreme Court's decision was not "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent in accordance with Section 2254(d)(1).

Under *Wheat,* a trial court does not violate the Sixth Amendment if the court removes or substitutes counsel when there is a potential conflict of interest. *See id.* at 164. Although Barrow argues that there was no conflict of interest, he never refuted the Illinois court's factual determination to the contrary with clear and convincing evidence as required under Section 2254(e)(1). *See Mahaffey v. Schomig,* 294 F.3d 907, 915 (7th Cir. 2002). Barrow's argument in his COA that "the record could not be more clear and convincing" does little to help him at this juncture.

Accordingly, Barrow has not established that reasonable jurists would find this Court's

assessment debatable or wrong. *See Miller-El*, 123 S.Ct. at 1040; *Slack*, 529 U.S. at 484.

Therefore, the Court denies Barrow's COA application for this claim.

### E.     Prosecutorial Misconduct

Next, Barrow challenges the Court's denial of his prosecutorial misconduct claim arguing

that the Court's ruling regarding his waiver of certain arguments and the reasonableness of the

state court's determination as to his non-defaulted claims is subject to debate among reasonable

jurists.

In support of his prosecutorial misconduct claim, Barrow relied on three of his other

habeas claims that this Court concluded were without merit, including: (1) the State suborned

perjured testimony; (2) the prosecution made frequent references to other crimes evidence; and

(3) the prosecution introduced improper, unreliable, and irrelevant evidence at trial. He relies on

these claims again, as well as the argument that the prosecution improperly told the jurors that

they did not have to prove Barrow's guilt "beyond all doubt."

In addition, three of Barrow's arguments in support of his prosecutorial misconduct

claims were procedurally defaulted because the Illinois Supreme Court considered them waived.

*See Harris v. Reed*, 489 U.S. 255, 263 (1989) (federal courts cannot review questions of federal

law if state court decision rests on a state procedural ground that is independent of the federal

question and adequate to support the judgment); *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir.

2002) (in Illinois waiver is an independent and adequate state court ground). Therefore, as to

these three arguments, Barrow can only make the requisite showing under Section 2243(c)(2) by

demonstrating that jurists of reason would find it debatable: (1) whether the district court was

correct in its procedural ruling; and (2) whether the petition stated a valid claim of the denial of a

constitutional right. *See Slack*, 529 U.S. at 484.

Barrow contends that the Illinois Supreme Court did not clearly rely on waiver when denying these arguments; therefore, this Court should have reviewed the merits. *See Harris*, 489 U.S. at 266; *see also Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (habeas court must be convinced that state court relied on procedural default as basis of decision). Indeed, the Illinois Supreme Court did refer to the merits of Barrow's three arguments after considering them waived, thereby making it debatable among jurists whether this Court's procedural ruling was correct. *See Slack*, 529 U.S. at 484. This Court notes, however, that a state court judgment based on an independent and adequate ground is often honored even when the state court also makes a merits determination. *See Harris*, 489 at 264 n.10 ("Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law"); *see also Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003) ("Even when both the merits of a claim and a state procedural bar are discussed together, the state procedural grounds will be determinative if they are clearly presented and they constitute an adequate independent ground for the denial of the state habeas petition").

Nevertheless, as to these three arguments, Barrow must also make a substantial showing of a denial of a constitutional right by establishing that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right. *See Slack*, 529 U.S. at 484. He must also establish that reasonable jurists would find the Court's assessment of his non-defaulted arguments debatable or wrong. *See id.*

As to many of his arguments in support of his prosecutorial misconduct claim, whether procedurally defaulted or not, Barrow failed to make any argument that the Illinois Supreme Court's decision was an "unreasonable application of" or "contrary to" clearly established Supreme Court precedent as required under Section 2254(d)(1). As to his other arguments, Barrow made cursory statements claiming the Illinois court's decision was unreasonable. As such, Barrow failed in his burden of establishing that the Illinois Supreme Court rejected his prosecutorial misconduct claim in manner that was "contrary to" or involved an "unreasonable application of" clearly established Supreme Court law. *See Lechner v. Frank*, 341 F.3d 623, ___ (7th Cir. 2003) (2003 WL 21999019); *see also Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2003) (habeas petitioner has burden in establishing state court applied facts of case in an objectively unreasonable manner). Accordingly, Barrow has not establish that reasonable jurists would find the Court's denial of his prosecutorial misconduct claim debatable or wrong or that his habeas petition stated a valid claim of the denial of a constitutional right. *See Miller-El*, 123 S.Ct. at 1040; *Slack*, 529 U.S. at 484.

F.    **Actual Innocence Claim**

Based on *Schlup v. Delo*, 513 U.S. 298 (1995), and its progeny, Barrow contends that the question of whether an actual innocence claim is a free-standing constitutional claim cognizable on habeas review has been left open by the United States Supreme Court, and therefore, the Seventh Circuit is entitled to review this claim. This argument is without merit because the United States Supreme Court has unequivocally held that claims of actual innocence are not stand-alone claims cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Schlup*, 513 U.S. at 315 ("Schlup's claim of innocence does not by itself

9

provide a basis for relief"). Therefore, a claim of actual innocence is not a constitutional claim. The Court, therefore, denies Barrow's request for a COA because he has not made a substantial showing that he was denied a constitutional right. *See Miller-El v. Cockrell*, 123 S.Ct. at 1039.

### G.    Evidentiary Hearing

Finally, Barrow contends that this Court's decision to deny his request for an evidentiary hearing based on 28 U.S.C. § 2254(e)(2) is subject to debate among reasonable jurists. An evidentiary hearing under these circumstances is not a constitutional claim. *See Taylor v. United States*, 287 F.3d 658, 660 (7th Cir. 2002) (whether district court holds evidentiary hearing is question of how courts resolve collateral attacks, not constitutional law). Because Barrow has not established the threshold requirement that he was denied a substantial constitutional right, the Court denies his request for a COA on this claim. *See Miller-El v. Cockrell*, 123 S.Ct. at 1039.

## CONCLUSION

For the reasons stated above, the Court denies Barrow's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) [R. 55].

**Date**:  September 26, 2003                    **ENTERED**:

AMY J. ST. EVE
United States District Court Judge